**MOUNTAIN GOLD PROPERTIES, INC., a Michigan corporation, individually and on behalf of a class of persons, Plaintiff,**

v.

**CITY OF LATHRUP VILLAGE, a municipal corporation, Defendant and Third–Party Plaintiff,**

v.

**COUNTY OF OAKLAND, a Michigan constitutional corporation, Third–Party Defendant and Third–Party Plaintiff,**

v.

**CITY OF DETROIT, acting through its Board of Water Commissioners, a municipal corporation, Third–Party Defendant.**

Civ. A. No. 94–72791.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 24, 1995.

---

Robert H. Golden, Lathrup Village, MI, for plaintiff Mountain Gold.

Gordon R. Wyllie, Asst. Corp. Counsel, Pontiac, MI, for County of Oakland.

Charles E. Kovsky, Southfield, MI, for defendant City of Lathrup Village.

Robert C. Walter, Richard J. McClear, Dykema Gossett, Detroit, MI, for City of Detroit.

## OPINION AND ORDER

FEIKENS, District Judge.

### I. Introduction

Before me are cross-motions for summary judgment submitted by plaintiff Mountain Gold Properties, Inc. (Mountain Gold) and defendant City of Detroit (Detroit). Defendants, City of Lathrup Village and Oakland County join in Detroit's motion. After reviewing the papers and hearing oral argument, it is apparent to me that Mountain Gold has raised no genuine issues of material fact as to its being a commercial user and thus subject to a surcharge on disposal of its wastewater. Thus, Detroit is entitled to summary judgment as a matter of law.

### II. Background

This case is preceded by an April 26, 1980 Amended Consent Judgment, a March 9, 1981 Order, a July 10, 1981 Order and a July 27, 1981 Order which bear directly on the proper disposition of this dispute.

The Amended Consent Judgment of April 26, 1980 Civil Action # 77–1100 (Amended Consent Judgment) provides the definition of commercial user. It says " 'Commercial and Industrial' shall mean those users defined in section 56–6–3(H) and (P) of Detroit Ordinance No. 353–H of Chapter 56 of Article 6 passed November 7, 1979". Amended Consent Judgment at 3. The Detroit Ordinance states:

"Commercial User" shall mean all non-domestic sources of indirect discharge other than industrial users, as defined herein including but not limited to the following. A publicly owned facility where persons are engaged in the exchange or sale of goods or services, hospitals, retail establishments, schools and facilities operated by local and State governments.

Detroit Ordinance No. 353–H (1979).

In my March 9, 1981 Order I assumed jurisdiction of all challenges to Detroit's

wastewater treatment rates (March 9 Order). That order stated in relevant part:

1. The Court shall take jurisdiction of all challenges to the City of Detroit's wastewater treatment rates to become effective July 1, 1981. . . .

2. [A]ll users, customers and rate payers of the system shall be bound by the results of any such challenge or challenges to the rates unless in writing and by or before March 20, 1981 a party opts out and states in a paper duly filed in this Court and cause, that it will not be bound by any [or] all of the provisions of this Order.

March 9, 1981 Court Order at p. 2, Civil Action # 77–71100. Plaintiff admits that it is covered by this Order.

On July 27, 1981 I issued an order responding to challenges to Detroit's rate structure (July 27 Order). An Order to show cause why the commands of the July 27 Order should not be implemented was issued July 10, 1981 and objections were heard by this Court July 24, 1981. None of the parties or their predecessors filed objections. The primary purpose of the July 27 Order was to fund the activities of the Detroit Sewer Department's Industrial Waste Control Section. The Order stated:

A monthly charge ... shall be effective July 1, 1981, to be collected on all bills rendered on or after August 1, 1981, to non-residential customers provided that said charge shall be further adjusted as necessary, subject to the approval of this Court, to collect 3.2 million dollars in order to recover the full twelve-month cost of the Industrial Waste Control Section budget.

See p. 2 July 27, 1981 Court Order at p. 2, Civil Action # 77–71100.

Taken together, the Consent Decree and orders establish that plaintiff's building is in the commercial class and that a surcharge is assessed to the commercial class of customers of Detroit's Water and Sewer Department (DWSD).

Mountain Gold Properties Inc. (Mountain Gold) owns a small office building in the City of Lathrup Village (Lathrup Village). Lathrup Village utilizes the services provided by the DWSD. The building is commercial property, so it is subject to the commercial user surcharge. In its complaint plaintiff argues that applying the surcharge to small office buildings constitutes unconstitutional discrimination.

The charges assessed to commercial users by Lathrup Village are imposed on Lathrup Village by Oakland County to fund the Evergreen–Farmington drain system. For this reason, Lathrup Village impleaded Oakland County. Similarly, Oakland County charges Lathrup Village the amount imposed upon it by the DWSD. Thus, Oakland County impleaded Detroit. Detroit removed the action to this court on the basis of the Amended Consent Judgment in civil action # 77–71100.

On November 17, 1994 I heard oral argument. Plaintiff argued that it is unfair for a small commercial building, which uses less water than a great number of large non-industrial buildings, to be classified with commercial entities which deliver great amounts of waste into the system. Plaintiff claims that surcharges should be based upon usage, not classifications. Defendants contend that the surcharge is imposed by the July 27, 1981 Order and Amended Consent Judgment. In the hearing it became clear that plaintiff did not dispute the applicability of the surcharge to its building; what plaintiff requests is a modification of the Amended Consent Judgment which established the commercial class rate structure and the July 27 Order which imposed the surcharge. I asked the parties to brief this issue. I now take up the motions for summary judgment.

### III. *Analysis*

Since Lathrup Village and plaintiff's building are within the rate structure, plaintiff now asks me to modify the above-mentioned orders and Amended Consent Judgment. The standard for modification of orders is found in Federal Rule of Civil Procedure (FRCP) 60(b)(5). That rule states:

(b). [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(5) the judgment has been satisfied, released, or discharged or a prior judg-

ment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

 The proper standard for modification of consent decrees entered into by governmental agencies was discussed by the Supreme Court in *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383–85, 112 S.Ct. 748, 760, 116 L.Ed.2d 867 (1992). The Court said that decrees should be modified for three reasons: (1) when changed factual conditions make compliance with the decree substantially more onerous; (2) when a decree proves to be unworkable because of unforeseen obstacles; or (3) when enforcement of the decree would be detrimental to the public interest. The "party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree". *Id.*

As an initial matter it should be pointed out that, although *Rufo* applies to prison reform, the United States Court of Appeals for the Sixth Circuit apparently uses the *Rufo* test expansively. *Lorain NAACP v. Lorain Bd. of Educ.,* 979 F.2d 1141 (6th Cir.1992). The important factor is that consent decrees entered into by governmental agencies are different than decrees between private litigants because they "affect more than the rights of the immediate litigants". *Lorain,* 979 F.2d at 1149. The decrees regulating the Detroit Sewage System affect more than the rights of private litigants. This said, plaintiff fails to carry its burden. Plaintiff submits no evidence or expert testimony requiring modification of the Amended Consent Decree or changed circumstances that compel modification of the July 27 Order.

Plaintiff does state that the July 27 Order is inequitable, because it does not distinguish between small commercial users and large commercial users, but plaintiff does not or cannot show that size of the entity was not taken into account by the original parties to the Amended Consent Judgment or July 27 Order.

## Conclusion

Accordingly plaintiff's motion for summary judgment is denied and the City of Detroit's motion for summary judgment is granted. IT IS SO ORDERED.